**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN DEON TURNER JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM SULLIVAN, Warden,<br><br>　　　　Respondent. | Case No. CV 17-0290-PA (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Petitioner's request for appointment of counsel be denied, the FAP be denied, and this action be dismissed with prejudice. On January 9, 2019, Petitioner filed Objections to the R. & R.

　　The Objections largely reargue the merits of Petitioner's claim that Penal Code section 211 is void for vagueness under Johnson v. United States, 135 S. Ct. 2551, 2561-63 (2015), and that his 2004 conviction for second-degree robbery therefore

1

cannot stand. (See Objs. at 2-3.)[1] He nowhere contests the Magistrate Judge's sound conclusion (see R. & R. at 20-21) that he may not now collaterally attack that conviction through his current challenge to his 2011 convictions for shooting at an occupied motor vehicle and other offenses. Instead, he cites United States v. Dixon, 805 F.3d 1193, 1198 (9th Cir. 2015), which found that section 211 "criminalizes conduct not included in the [Armed Career Criminal Act]'s definition of 'violent felony.'" (See id. (citation omitted).) But as the Magistrate Judge correctly pointed out, he was not sentenced under the ACCA, and in any event section 211 makes abundantly clear what conduct is prohibited and California statutorily defines "any robbery" as a "violent felony." (See R. & R. at 17-19); see also Penal Code §§ 211, 667.5(c)(9). That framework is untouched by Johnson, 135 S. Ct. at 2555-56, as the Magistrate Judge discussed in the R. & R. (See R. & R. at 18-19.)[2] His objection on this ground is

---

[1] The Court uses the pagination generated by its Case Management/Electronic Case Filing system.

[2] The Supreme Court recently held that robbery with force "sufficient to overcome a victim's resistance" is "capable of causing physical injury within the meaning of Johnson" and therefore qualifies as a crime of violence under the ACCA. Stokeling v. United States, 586 U.S. ___, 2019 WL 189343, at *8 (U.S. Jan. 15, 2019). The Court further found that Florida's statutory definition of robbery, which requires a taking with "the use of force, violence, assault, or putting in fear," meets this standard. See id. at *9 (quoting Fla. Stat. § 812.13(1)). Although the Florida statute at issue in Stokeling appears to require a greater showing of force than Penal Code section 211, as discussed above Petitioner was not sentenced under the ACCA, and any challenge to his 2004 robbery conviction is not cognizable here; moreover, Stokeling cannot serve as clearly established Supreme Court precedent for purposes of AEDPA because it was decided long after the last state-court adjudication on the merits

2

therefore without merit.

Petitioner further objects that his 2011 conviction under section 246 (which prohibits shooting into an occupied motor vehicle) should be remanded for resentencing because that provision and section "212.5 second degree robbery" are "[r]eally" "void for vagueness" and the "Constitution of California" has called them "Non-Violent." (Objs. at 3.) He has not cited any state constitutional provision saying that, however, and the Court knows of no such definition. The provision he does cite (see id.) provides that a person convicted of a nonviolent felony offense and sentenced to state prison "shall be eligible for parole consideration after completing the full term" for his "primary offense," Cal. Const. art. 1, § 32(a)(1). The FAP did not raise any claim to habeas relief based on denied or delayed parole (see generally FAP at 16-28, 30-34), and as noted in the R. & R. (see R. & R. at 16), section 246 is statutorily defined as a "serious felony" for purposes of the Three Strikes Law regardless of whether it might also be a violent felony, see Penal Code §§ 667 & 1192.7(c)(33). Thus, the relevance of that constitutional provision to his claims is not readily apparent.

Further, Petitioner was not, as he now appears to believe (see Objs. at 3), convicted of violating section 212.5, which makes robbery committed on public transit or of an inhabited home, "floating home," or "trailer coach," or of a person using

---

of Petitioner's claims. See Greene v. Fisher, 565 U.S. 34, 40 (2011).

3

or who has just used an ATM, robbery of the first degree, see
Penal Code § 212.5, and it therefore does not appear relevant to
the claims of the FAP. This objection is not well taken.

Petitioner also objects conclusorily to the Magistrate
Judge's finding that he was not entitled to habeas relief on his
instructional-error claim; in his view, the trial judge had a
"contractual 'duty'" to instruct the jury "of a lesser included
offence [sic]." (Objs. at 3.) He cites no case law, much less
clearly established Supreme Court precedent, to support that
contention (see id.); indeed, he cannot because as the Magistrate
Judge discussed, no such clearly established law exists, and in
any event the evidence at trial gave no support whatsoever for
his desired instruction (see R. & R. at 23-28). Thus, his
objection on this ground also fails.

Having reviewed de novo those portions of the R. & R. to
which Petitioner objects, the Court agrees with and accepts the
findings and recommendations of the Magistrate Judge. IT
THEREFORE IS ORDERED that Petitioner's request for appointment of
counsel be denied and the FAP be dismissed with prejudice.

DATED: January 26, 2019

                                             Percy Anderson
                                             UNITED STATES DISTRICT JUDGE